JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

*DOCKET NO. 1038*                    DEC -6 94

PATRICIA D. HOWARD
*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION* CLERK

## *IN RE NORPLANT CONTRACEPTIVE PRODUCTS LIABILITY LITIGATION*

*BEFORE JOHN F. NANGLE, CHAIRMAN, ROBERT R. MERHIGE, JR.,*
*WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, AND*
*BAREFOOT SANDERS, JUDGES OF THE PANEL*

### *TRANSFER ORDER*

This litigation presently consists of twenty actions in the following federal districts: two actions each in the District of Minnesota, Central District of California, Eastern District of Louisiana and Northern District of Texas; and one action each in the District of Kansas, District of New Mexico, District of Arizona, Northern District of California, Northern District of Illinois, Northern District of Alabama, Eastern District of New York, Southern District of Ohio, Eastern District of Pennsylvania, Western District of Pennsylvania, Southern District of Texas and Eastern District of Texas.[1]

Before the Panel are four separate motions, pursuant to 28 U.S.C. §1407, by plaintiffs in several actions to centralize all actions in this docket for coordinated or consolidated pretrial proceedings. Most responding plaintiffs and all defendants agree that centralization is appropriate, but disagree regarding the selection of the appropriate transferee court. Suggested transferee districts include the Western District of Pennsylvania, District of New Mexico, Eastern District of Texas, Eastern District of Pennsylvania, Eastern District of New York, Northern District of Illinois, District of Kansas, Eastern District of Louisiana and Northern District of California.

On the basis of the papers filed and the hearing held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization in the Eastern District of Texas under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Common questions of fact involve allegations that i) Norplant was defectively designed and/or manufactured; and ii) plaintiffs received inadequate warnings of its side effects and/or complications associated with its removal. Centralization is necessary in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

---

* Judge Merhige took no part in the decision of this matter.

[1] The Panel has been notified that at least eighteen potentially related actions have been filed in the following federal districts (seventeen of these actions are included in defendants' recently filed motion which was filed too late to be included in the November 1994 hearing): E.D. Pennsylvania (1); W.D. Arkansas (1); C.D. California (1); N.D. California (1); E.D. California (1); S.D. Florida (1); E.D. Louisiana (2); E.D. Michigan (1); W.D. Missouri (1); N.D. Ohio (1); D. South Carolina (1); N.D. Texas (2); S.D. Texas (2); W.D. Washington (1); and D. Hawaii (1). These actions will be treated as potential tag-along actions. *See* Rules 12 and 13, R.P.J.P.M.L., 147 F.R.D. 589, 596-97 (1993).

- 2 -

Selection of the transferee court for this litigation has been a challenging task.  Although no single location stands out as the geographic focal point for this nationwide docket, we are persuaded that the Eastern District of Texas is the appropriate transferee forum for this docket.  We note that i) an action is pending there; and ii) Judge Schell stands ready to process this litigation toward an expeditious conclusion.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the attached Schedule A and pending in districts other than the Eastern District of Texas be, and the same hereby are, transferred to the Eastern District of Texas and, with the consent of that court, assigned to the Honorable Richard A. Schell for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

FOR THE PANEL:

John F. Nangle
Chairman

SCHEDULE A

MDL-1038 -- In re Norplant Contraceptive Products Liability Litigation

Lisa Skinner v. Wyeth Ayerst Laboratories, Inc., et al.,
  N.D. Alabama, C.A. No. 2:94-2139
Roseanne Mitchell v. Wyeth Laboratories, Inc., et al.,
  D. Arizona, C.A. No. 2:94-1937
Ghislanine Danswer v. Wyeth Ayerst Laboratories, Inc.,
  C.D. California, C.A. No. 2:94-3506
Kathleen Marie Seth, et al. v. Wyeth Laboratories, Inc., et al.,
  C.D. California, C.A. No. 2:94-5914
Susan Williams v. Wyeth Ayerst Laboratories, Inc.,
  N.D. California, C.A. No. 3:94-625
Jane Doe, et al. v. Wyeth Ayerst Laboratories,
  N.D. Illinois, C.A. No. 1:94-5376
Crystal Wheeler, et al. v. Wyeth Laboratories, Inc., et al.,
  D. Kansas, C.A. No. 2:94-1334
Deadra Lillie, et al. v. Wyeth Ayerst Laboratories, Inc.,
  E.D. Louisiana, C.A. No. 2:94-1744
Robin Malain v. Wyeth Ayerst Laboratories, Inc., et al.,
  E.D. Louisiana, C.A. No. 2:94-2804
Jennifer Stamper, et al. v. Wyeth Laboratories, Inc., et al.,
  D. Minnesota, C.A. No. 3:94-1101
Jani J. Gall v. Wyeth Ayerst Laboratories, Inc., et al.,
  D. Minnesota, C.A. No. 3:94-1195
Dell Rae Baird, et al. v. Wyeth Laboratories, Inc., et al.,
  D. New Mexico, C.A. No. 6:94-984
Lynette Vogel v. Wyeth Laboratories, et al.,
  E.D. New York, C.A. No. 1:94-4199
Lashon Gill v. Wyeth Laboratories, Inc., et al.,
  S.D. Ohio, C.A. No. 1:94-616
Cathy Bernish v. Wyeth Laboratories, Inc., et al.,
  E.D. Pennsylvania, C.A. No. 2:94-5414
Crystal Woods v. Wyeth Laboratories, Inc., et al.,
  W.D. Pennsylvania, C.A. No. 2:94-1493
Jane Doe, et al. v. Wyeth Ayerst Laboratories,
  E.D. Texas, C.A. No. 1:94-442
Judy B. McKee v. American Home Prodcuts Corp., et al.,
  N.D. Texas, C.A. No. 3:94-1328
Phyllis Johnson v. American Home Products Corp.,
  N.D. Texas, C.A. No. 3:94-1746
Carolyn Sue Smith Munoz v. Wyeth Laboratories, Inc., et al.,
  S.D. Texas, C.A. No. 4:94-248